316

No.11–0559/NA. U.S. v. Jordan J. Escochea–Sanchez. CCA 201000093. On further consideration of the granted issue (70 M.J. 347), we note that this issue was not raised before the United States Navy–Marine Corps Court of Criminal Appeals during its Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(c) (2006), review. Accordingly, it is ordered that the decision of the United States Navy–Marine Corps Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to that court for further appellate inquiry and consideration of the granted issue. Thereafter, Article 67, UCMJ, shall apply.

No. 12–0395/AR. U.S. v. Robert W. Medeiros. CCA 20081092. On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, we conclude that Appellant was denied his Sixth Amendment right to conflict–free counsel in his post–trial representation. Accordingly, it is ordered that said petition is hereby granted on the following issue:

> WHETHER APPELLANT'S TRIAL DEFENSE COUNSEL'S CONFLICT OF INTEREST, STEMMING FROM A POST–TRIAL INEFFECTIVE ASSISTANCE OF COUNSEL ALLEGATION, ADVERSELY AFFECTED THAT SAME TRIAL DEFENSE COUNSEL'S CONTINUING REPRESENTATION OF APPELLANT.

The decision of the United States Army Court of Criminal Appeals is reversed, and the convening authority's action is set aside. The record of trial is returned to the Judge Advocate General of the Army for submission to an appropriate convening authority for a new recommendation and action. See United States v. Mendoza, 67 M.J. 53 (C.A.A.F. 2008). Thereafter, Articles 66 and 67, Uniform Code of Military Justice, 10 U.S.C. §§ 866 and 867 (2006), shall apply. [See also ORDERS GRANTING PETITION FOR REVIEW this date.]

No. 12–0413/AR. U.S. v. David J. Watson, Jr. CCA 20100930. On consideration of the petition for grant of review of the decision of the United States Army Court of

Criminal Appeals, it is ordered that said petition is hereby granted, and the decision of the United States Army Court of Criminal Appeals is affirmed.* [See also ORDERS GRANTING PETITION FOR REVIEW this date.]

No. 12–0377/AR. U.S. v. Randy A. Giddens. CCA 20090598. Review granted on the following issue:

WHETHER A CONTESTED UNLAWFUL ENTRY SPECIFICATION THAT FAILS TO EXPRESSLY ALLEGE AN ARTICLE 134 TERMINAL ELEMENT BUT THAT WAS NOT CHALLENGED AT TRIAL STATES AN OFFENSE.

No briefs will be filed under Rule 25.

No. 12–0328/AR. U.S. v. Bret A. Glowth. CCA 20090925. Review granted on the following issue:

WHETHER THE CHARGE AND ITS SPECIFICATIONS FAIL TO STATE AN OFFENSE BECAUSE THE SPECIFICATIONS DO NOT

* It is ordered that Appellant receive 3 additional days of pretrial confinement credit, for a total credit of 51 days, against the confinement portion of his sentence.